IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT E. GORDON,

      Petitioner,                       No. CIV S-06-0916 GEB EFB P

    vs.

T. FELKER, Warden, et al.,

      Respondents.                 ORDER

_____/

      Petitioner is a state prisoner without counsel. On April 27, 2006, he filed a request for leave to proceed *in forma pauperis* and a motion for an order directing the Clerk of the Sacramento County Superior Court to provide him with transcripts, a probation report and police reports. On June 16, 2006, the court granted petitioner's request for leave to proceed *in forma pauperis*, explained to petitioner that he must file a petition for a writ of habeas corpus in order to commence an action challenging the judgment of a state court, and gave him time to file a petition. *See* 28 U.S.C. § 2254. The court warned petitioner that failure to file a proper petition for a writ of habeas corpus would result in a recommendation that this action be dismissed. On October 16, 2006, petitioner filed a petition for a writ of habeas corpus alleging specific grounds for relief. On May 23, 2007, petitioner filed a document styled, "First Amended Petition for a Writ of Habeas Corpus," which contained no allegations of why he might be entitled to relief.

1

For the reasons explained below, the court finds that the document filed May 23, 2007, is not an amended petition and directs that the October 16, 2006, petition be served.

Federal habeas relief is available to a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition must "allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what authority, if known." 28 U.S.C. § 2242. The October 16, 2006, application consists of a completed form petition for a writ of habeas corpus. As his first ground for relief, petitioner alleges that the prosecutor violated the Due Process Clause of the Fourteenth Amendment when he questioned a witness about a document that was not introduced into evidence. As his second ground for relief, petitioner alleges that imposing a consecutive sentence violated the Sixth Amendment right to a jury trial. Attached to the petition are copies of the appellate court's decision affirming the conviction, the petition for review in the California Supreme Court and the order denying the petition for review. The May 23, 2007, purported "petition" consists of only the cover sheet for the form habeas application and copies of the documents appended to the October 16, 2006, pleading. It contains no allegations of grounds for relief. Thus, that document does not satisfy the pleading requirements for a habeas petition. Accordingly, the court finds that it is not an amended pleading and takes no action on it.

The court now considers the question of whether petitioner may pursue habeas relief. A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner is not entitled to relief.

////

Accordingly, it is hereby ORDERED that :

1. The court will take no action on the document filed on May 23, 2007.

2. Respondent shall file and serve either an answer or a motion in response to petitioner's application within 60 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

3. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

4. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 15 days thereafter.

5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's October 16, 2006, petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

Dated:  October 30, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3